UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TY TRENT and SARA TRENT                                        PLAINTIFFS

vs.                                             Civil No. 1:25-cv-00139-GHD-DAS

LAKEVIEW LOAN SERVICING, LLC; et al.                           DEFENDANTS

## OPINION

Presently before the Court in this mortgage loan dispute are two identical motions to dismiss: one filed by Defendants Lakeview Loan Servicing, LLC, and M&T Bank Corporation [12], and one filed by Defendant McCalla Raymer Leibert Pierce, LLP [14]. Both motions seek dismissal, or partial dismissal, of the Plaintiffs' claims pursuant to Rules 12(b)(5), 12(b)(6), and/or 12(b)(7) of the Federal Rules of Civil Procedure. Upon due consideration, and for the reasons set forth below, the Court finds both motions should be denied.

### Background

The Plaintiffs, a military family, purchased a single-family home in Tupelo, Mississippi, in September of 2022 [First Amd. Cmpl., Doc. 8, at p. 4]. They purchased the home via a mortgage loan through the Veterans Administration and the non-party Movement Mortgage, LLC [*Id.*]. After Movement Mortgage sold the Plaintiffs' mortgage loan to one of the Defendants in April 2024, the Plaintiffs allege that problems began regarding mortgage payments and alleged collection activity [*Id.* at pp. 5-9]. The Plaintiffs' mortgage loan was then again sold to another Defendant mortgage servicer, which initiated foreclosure proceedings on the subject loan [*Id.* at p. 14]. The Plaintiffs then filed the instant complaint. In their First Amended Complaint, the Plaintiffs allege

claims against the Defendants for violations of several federal statutes, including the Real Estate Procedures Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Servicemembers Civil Relief Act [*Id.* at pp. 19-26]. They also assert state law claims for breach of contract and the negligent and/or intentional infliction of emotional distress [*Id.* at p. 25].

The moving Defendants seek to dismiss the Plaintiffs' claims against them pursuant to Rules 12(b)(5), 12(b)(6), and/or 12(b)(7) of the Federal Rules of Civil Procedure. The Plaintiffs oppose the Defendants' motions.

## Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride*

*Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for Rules 12(b)(5) and 12(b)(7), Rule 12(b)(5) permits a defendant to seek dismissal of a matter for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The rule permits a challenge to the method of service attempted by a plaintiff or to the lack of service. Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012). When service of process is challenged in a Rule 12(b)(5) motion, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Rule 12(b)(7) permits a defendant to seek dismissal of a matter for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). "Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir.

3

2009). First, the court must decide whether the party is a necessary or required party who should be added pursuant to Rule 19(a) because "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Second, if the party is a necessary party, as defined in Rule 19(a)(1), but cannot be joined because joinder is infeasible, "the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629 (quoting *HS Res.*, 327 F.3d at 439). Rule 19(b) specifies factors for the court to consider when making this determination. If, after considering these factors, the court determines that the litigation cannot reasonably continue without the absent party, the absentee is deemed "indispensable," and the court should dismiss the case. *Hood*, 570 F.3d at 628-29. "Thus a Rule 12(b)(7) motion to dismiss will be granted only where there is an absent party who is both necessary and indispensable and whose joinder is infeasible." *Bobby Goldstein Prods., Inc. v. E.W. Scripps Co.*, 2023 WL 4748208, at *3 (N.D. Tex. July 25, 2023).

### Discussion and Analysis

The Defendants first move to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(5) for insufficient service of process, or, in the alternative, to extend the Defendants' time to answer until after the Court issues a ruling on the present motions. The Court finds this ground for dismissal is presently without merit given the Plaintiffs aver, and the Defendants have not disputed, that they expressed agreement to waive service of process [22, 24, at p. 2]. Accordingly, while the Court denies the Defendants' Rule 12(b)(5) motion at the present juncture, the Court shall require the parties to file the signed waiver of service

forms into the record of this case. See *Tindle v. Central Pony Express, Inc.*, No. SA-18-CV-00714-XR, 2018 WL 4658703, at *2 (W.D. Tex. Sept. 26, 2018). In addition, as requested by the Defendants in the alternative, the Court hereby grants the Defendants fourteen days after today's date to answer the Plaintiffs' First Amended Complaint, in accordance with Fed. R. Civ. P. 12(a)(4)(A).

Next, the Defendants seek dismissal of the Plaintiffs' state law claim for violations of Miss. Code Ann. § 81-18-55 (Servicing Requirements for Mortgage Lenders) pursuant to Rule 12(b)(6) for failure to state a claim for relief. The Defendants argue no private right of action exists for a violation of Section 81-18-55, which is part of Mississippi's S.A.F.E. Mortgage Act, and this claim should thus be dismissed. While the Defendants are correct that courts have held that S.A.F.E. Mortgage Act violations, in isolation, do not provide a private right of action, the Court is persuaded the more recent decision in *Guerdan v. Community Bank of Mississippi*, No. 3:23-CV-556-HTW-LGI, 2025 WL 875821, at *2 (S.D. Miss. Mar. 20, 2025) provides the more appropriate approach. In *Guerdan*, as here, the plaintiffs filed a complaint that included a claim under Section 81-18-55, as well as state law claims for intentional or negligent infliction of emotional distress. The *Guerdan* court held, in denying the defendant's motion to dismiss the plaintiff's Section 81-18-55 claim pursuant to Rule 12(b)(6), that while regulatory statutes such as Section 81-18-55 do not themselves necessarily create private rights of action, the Fifth Circuit has held those violations *can* serve as evidence of negligence and thus support negligence-based claims. *Guerdan*, 2025 WL 875821, at *2 (citing *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231, 1238 (5th Cir. 1982)). This Court agrees. Accordingly,

5

the Court holds that Count VIII of the Plaintiffs' Complaint, while not setting forth an independent cause of action, shall not be dismissed at this juncture.

Finally, the Defendants move to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. Specifically, the Defendants assert that Movement Mortgage, LLC, the initial mortgage servicer of the Plaintiffs' mortgage, is a necessary and indispensable party to this action.

Movement Mortgage is a "required" party to this action if, in its absence, "the court cannot accord complete relief among existing parties." *See* Fed. R. Civ. P. 19(a)(1)(A). "To determine whether complete relief is available without the absent party, 'the Court looks to the relief prayed for by the claimant.'" *Union Pac. R.R. Co. v. City of Palestine*, 517 F. Supp. 3d 609, 619 (E.D. Tex. 2021). "The assessment of 'complete relief' is based on the then-existing facts. Courts do not consider whether the absent party might later be responsible on theories of contribution or indemnification, and even if an absent party might be jointly and severally liable with the named defendant, courts may still afford complete relief as between the plaintiff and the named defendant." *Pavecon Holding Co. v. Tuzinski*, No. 16-888, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017), *report and recommendation adopted*, 2017 WL 2506468 (E.D. Tex. June 9, 2017); *Bro-Tech Corp. v. Purity Water Co.*, 681 F. Supp. 2d 791, 806 (W.D. Tex. 2010). Instead, Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *GE Bus. Fin. Servs. Inc. v. Sundance Res., Inc.*, No. 3:09-cv-253, 2009 WL 1449052, at *1 (N.D. Tex. May 21, 2009).

The Defendants' primary argument that Movement Mortgage is a necessary party centers around the possibility that the Plaintiffs may seek to hold the Defendants

6

vicariously liable "with regard to actions taken or not taken by Movement Mortgage." [13, 15, at p. 2]. The Plaintiffs, however, note they seek no relief for actions or omissions occurring prior to April 2024, when Movement Mortgage sold the loan to one of the Defendants, and the Plaintiffs specifically note they are not seeking to hold the Defendants vicariously liable for any conduct on Movement Mortgage's part [22, 24, at pp. 3-4]. In examining the operative Complaint, the Court agrees with the Plaintiffs. While Movement Mortgage's actions form part of the overall factual background for this case, none of the Plaintiffs' claims seek relief for actions or omissions occurring prior to April 2024, when Movement Mortgage sold the Plaintiffs' mortgage loan to one of the Defendants. Thus, the Court holds that the Defendants have not shown the Court "cannot accord complete relief among existing parties" in the absence of Movement Mortgage as a party to this lawsuit. The Court therefore holds Movement Mortgage's presence in this lawsuit is not required for the fair and complete resolution of the dispute at issue. Accordingly, the Court finds the Defendants' motion to dismiss pursuant to Rule 12(b)(7) for failure to join a party under Rule 19 is denied.

**Conclusion**

For these reasons, the Court finds the Defendants' motions to dismiss shall be denied, and the Plaintiffs' claims shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the 18 day of May, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

7